IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL REYES,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br>    Defendant. | CIVIL ACTION<br>NO. 18-349 |

## ORDER

**AND NOW**, this 17th day of April 2019, upon careful and independent consideration of Plaintiff's Request for Review, the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;
2. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]
3. Plaintiff's Request for Review is **GRANTED**; and this matter is **REMANDED** to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

[1] Because no objections to the R&R were filed, the Court is not required to conduct a *de novo* review and has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Nevertheless, the Court has carefully considered the administrative record and the R&R and agrees with the R&R that the opinion of the Administrative Law Judge ("ALJ") was not supported by substantial evidence with regard to the conclusion that, after properly considering Plaintiff's limitations, there were a substantial number of jobs in the economy that Plaintiff could perform.

The ALJ afforded the opinion of consultative examiner Dr. Kakodkar "partial weight," because her proposed limitations, including the postural limitations, were "generally well supported"; yet, as correctly determined by the R&R, the ALJ failed to explain her decision not to incorporate Dr. Kakodkar's opinion that Plaintiff could never stoop into the RFC. Additionally, although the ALJ appeared to incorporate some of the opinions of the non-examining state agency consultant, Dr. Maas, into the RFC, including the opinion that Plaintiff could occasionally stoop, the ALJ failed to discuss or even acknowledge Dr Maas's assessment within her decision. Plaintiff also requested remand for the consideration of new evidence, arguing this evidence is new and material, and the R&R properly declined to address this argument so that the ALJ, on remand, could determine in the first instance whether the evidence should be considered. *See Reefer v Barnhart*, 326 F.3d 376, 381 (3d Cir. 2003) ("[w]e need not decide whether the ALJ's failure to obtain [certain records] ... provides a reason for remand because we believe that remand is otherwise warranted.").